UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

Ronald D. Goodwin, )
    PLAINTIFF, ) Case No.: 2:06 CV 53-MLM
)
vs. )
)
JoAnne B. Barnhart, )
    Commissioner of Social Security, )
    DEFENDANT. )

## BRIEF IN SUPPORT OF COMPLAINT

This suit involves a claim made for disability insurance benefits under Sections 216(I) and 223 of the Social Security Act. This action is a judicial review as provided by 42 USC § 405 (g) brought to review the Appeals Council decision of July 28, 2006, upholding the hearing examiner's decisions of September 16, 2005 and June 23, 2005 in which the Administrative Law Judge, Robert G. O'Blennis, (hereinafter ALJ) denied Ronald D. Goodwin (hereinafter Plaintiff) claim for social security benefits. The ALJ wrote his June 23, 2005 decision regarding Title II benefits, and his September 16, 2005 decision regarding Title XVI benefits.

## MEDICAL

Plaintiff is a 46 year old man with a 9th grade education who has a combination of medical problems including chronic obstructive pulmonary disease, low back and neck pain, migraine headaches and depression.

## TESTIMONY

Plaintiff was 46 years old at the time of the hearing, October 28, 2004. He testified he lives with his wife and two teenaged sons in Knox City (TR 310). His wife drove him the 70 mile trip to the hearing. Plaintiff testified he has a ninth grade education with some autobody

1.

vocational training in the mid 70's. He was never in the service, and last worked as an over-the-road truck driver (TR 311).

Plaintiff further testified he had driven a truck for various employers over the course of 13 years (TR 312-313). He testified he became disabled on July 15, 2002 because he could no longer handle over-the-road trucking and couldn't find other work he could physically do (TR 314).

Plaintiff testified he spends his days doing a little cooking first thing in the morning and then "mess with flowers" in the yard (TR 315). He testified he takes medications including Nexium for acid reflux, Wellbutrin for depression, Flonase for his breathing, and Meclizine for dizziness (TR 316-317). The dizziness is brought on if he does any bouncing or movement of the head, like shaving in the morning. The medication takes 1 ½ - 2 hours to take effect. He also testified he had been taking Darvocet for two years, two or three days a week (TR 318-319).

Plaintiff testified he also takes Relafen for muscle spasms twice per day for the past three years. He also uses an oxygen machine by his bed. Lastly, he takes Tylenol as needed and a multivitamin (TR 319).

Plaintiff testified that he also spends his day reading or watching TV. Also, 3 or 4 times a week he goes up the street to a shop where he watches his teenaged sons work on their 3-wheelers (TR 320). Plaintiff does not participate in any group or social organizations (TR 321). Plaintiff has difficulty with performing personal needs like shaving or putting on shoes and pants because of the bending. Plaintiff has been given cortisone shots in his back and knees for the pain (TR 322). He also gets manipulations to his neck for the pain. He has undergone physical therapy as well (TR 323).

Plaintiff testified he takes naps during the day because he has difficulty sleeping at night

(TR 324). He spends a lot of time reclining on a couch with a heating pad on his lower back (TR 325). He can only sit comfortably in a car for 10 to 15 minutes before he feels the need to stretch his back and knees (TR 326).

Plaintiff testified that his current weight of 145 is down from 155 over a six to seven month period. He attributes that loss to his COPD (TR 326-327). He testified he has headaches every day that start at the base of his head and come up and around behind his eyes. He has nausea with these headaches (TR 327). He takes Darvocet for the headaches which last six to seven hours. Shaving can trigger the headaches, or if he bounces or moves his head wrong. He lays on the floor and his wife pulls on his head to alleviate the pain (TR 328).

Plaintiff testified the pain radiates from the base of his skull down to between his shoulders. Sometimes it is sharp, sometimes it burns, and it can last half the day. He testified that he has a knot on the right side of his neck. When he has to sit in a chair, like during the hearing, he pushes down with his right arm to take pressure off his low back (TR 329).

Plaintiff testified he has limited range of motion with his neck and his shoulders. He testified that changing a flat tire caused a lot of pain in his low back for two days. He normally doesn't lift anything heavier than a gallon of milk (TR 330). Plaintiff testified the back pain runs from his toes to up past his waist. His legs go numb up to his hips (TR 331). This makes it almost impossible to walk as often as four or five times a week. He testified he can't bend backwards and while bending forward helps his back, it hurts his knees (TR 332).

Plaintiff testified he has a recurring cyst on his tailbone, and when it comes back he can hardly sit at all. He testified the Wellbutrin he takes is to help quit smoking (TR 333). His health problems have caused him to quit shopping. Neither can he do the hobbies he had of working on old cars or putting together model cars (TR 334). When he cooks, he stands for only a few

seconds at a time and sits in between. He cannot houseclean because of pain to his low back. He cannot use a tub to bathe, and his sleep is interrupted 3 or 4 times a night (TR 335).

When the pain wakes him up he gets up to stretch and take a pain pill. During the day he is either on a couch or hard chair in the kitchen. He can only stand comfortably for 5 to 10 minutes before his back hurts or legs go numb. He can only walk half a block before he hurts and is out of breath (TR 336).

The Vocational Expert, John F. McGowan, testified that the only thing Plaintiff has done is truck driving, which is medium exertion and semi-skilled, but no transferability to other areas (TR 338-339). Under a hypothetical that Plaintiff could stand and/or walk six hours in an eight hour work day and sit for six hours as well, then the VE testified Plaintiff could perform entry level, unskilled type work. If, however, standing and walking is limited to two hours, then no jobs are available (TR 339-343). Further, if Plaintiff's health problems caused him to miss more than two days a month, he would not be employable (TR 343-344).

## ADMINISTRATIVE LAW JUDGE OPINION

On June 23, 2005 and September 16, 2005, the ALJ issued decisions that the Plaintiff is not entitled to a period of disability or Disability Insurance Benefits, and is not eligible for Supplemental Security Income payments, under Section 216(I), and 223, 1602, and 1614(a)(3)(A), respectively, of the Social Security Act (TR 17-22 and 24-36)

## APPEALS COUNCIL DECISION

The Appeals Council on July 28, 2006, issued a decision finding no reason to review the ALJ's decision (TR 6-8).

## STATEMENT OF THE ISSUE

The issue before the court is whether there is substantial evidence to support the decision

of the commissioner as affirmed by the Appeals Council. 42 USC § 405(g) provides that judicial review is limited to determination of that issue.

## APPLICABLE LAW AND FACTS IN SUPPORT OF PLAINTIFF'S APPEAL

Judicial review of a disability determination requires more than a search for the existence of substantial evidence supporting the Commissioner's positions, but rather must take into account evidence which fairly detracts from its weight. Morse v. Shalala, 10F3d 865, 80 (8th Cir. 1994). Stewart v. Secretary of Health and Human Services, 957 F 2nd. 581, 585 (8th Cir. 1992). Furthermore, the standard of review is more than a rubber stamp of the Commissioner's decision. McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

This Court is required to review the Administrative records as a whole and to consider:

1. The credibility findings made by the Administrative Law Judge;

2. The Plaintiff's vocational factors;

3. The medical evidence from treating and consulting physicians;

4. The Plaintiff's subjective complaints relating to exertional and non-exertional activities and impairments;

5. Any corroboration by third-parties of the Plaintiff's impairments;

6. The testimony of vocational experts when required which is based upon a proper hypothetical question and sets forth the Claimant's impairments.

Cruse v. Bowen, 867 F 2d. 1183, 1184 to 85 (8th Cir. 1989) (quoting Brand v. Secretary of Department of Health, Education and Welfare, 623 F.2d 523, 527 (8th Cir. 1980). It is the position of the Plaintiff that the decision of the Commissioner of Social Security is not supported by substantial evidence in that the ALJ failed to give controlling weight to that Plaintiff is totally disabled.

## The ALJ failed to give controlling weight to treating physician Dr. Petry's determination that Plaintiff is totally disabled.

Plaintiff has treated with Dr. Henry D. Petry for more than four years for his problems with COPD, abdominal and low back pain, among other things. Dr. Petry found him to be disabled since September 23, 2002 when he filled out a report for the State of Missouri for combined impairments that include chronic obstructive pulmonary disease, emphysema, gastroesophageal reflux disease, and degenerative joint disease of the thoracic spine, neck and shoulders (TR 199-201). Dr. Petry subsequently did a medical source statement on October 4, 2004 finding that Plaintiff had residual functional capacity for even less than sedentary work because of chronic low back pain and shortness of breath (TR 282-285). Dr. Petry also pointed out in his report of May 26, 2005, that non-treating physician, Dr. Clark, made no mention of Plaintiff's limits due to his respiratory status. Dr. Petry points out that Chronic Obstructive Lung Disease is non-reversible (TR 298).

The 8th Circuit has consistently held that the treating physician's opinion of disability is given "controlling weight" if it is well supported by medically acceptable clinical and diagnostic data. Reed v. Barnhart, 399 F.3d 917 at 920 (8th Cir. 2005). Also the Reed case says a Medical Source Statement (MSS) should be accepted if it is not inconsistent with the doctor's own treatment records. Dr. Petry saw Plaintiff on a regular basis and treated him for his lung and orthopedic problems. Plaintiff was persistent in seeking treatment for his problems. The records are replete with clinical data, chest x-rays, pulmonary function tests, and ultrasounds that substantiate the doctor's diagnosis of COPD, and gastroesophageal reflux disease.

Plaintiff was sent to see Dr. Jennifer Clark for a review by the social security disability determinations office. Her opinion (TR 286-289) should be given little weight as a non-treating

physician who only saw the Plaintiff one time. The ALJ's opinion anticipates being reversed and remanded at page three of the opinion where he states: "However, should this case be remanded or re-opened for any reason, the issue of substantial gainful activity will be revisited and analyzed in greater depth."

Wherefore the ALJ's opinion is not supported by the substantial weight of the evidence.

## CONCLUSION

There is ample evidence in the record to grant immediate benefits without remanding to the ALJ. See <u>Stewart v. Secretary of Health and Human Services</u>, 957 D 2d 581, 587 (*th Cir. 1991).

> Respectfully submitted,
> Dempsey, Dempsey & Moellring
> By:
>
>
> s/ Terrell Dempsey
>
> ---
> Terrell Dempsey          #34947
> Attorney for the Plaintiff
> Dempsey, Dempsey & Moellring
> 236 North 6th Street
> Quincy, Illinois 62301
> Phone (217)222-2432 Fax (217)224-3264
> Email jeni@ddrm.net

7.

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: jane.rund@usdoj.gov.

                                            s/ Terrell Dempsey

Terrell Dempsey                    #34947
Attorney for the Plaintiff
Dempsey, Dempsey & Moellring
236 North 6th Street
Quincy, Il. 62301
Phone (217)222-2432  Fax (217)-224-3264
Email jeni@ddrm.net